**TRENK, DIPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Richard D. Trenk
Robert S. Roglieri
*Proposed Counsel to Munish Sawhney,*
*Chapter 11 Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MUNISH SAWHNEY,<br><br>    Debtor. | Chapter 11<br><br>Case No. 15-29250 |
| PARKER STREET REALTY LLC, 137-139 PARKER STREET, LLC, 295 FAIRMOUNT AVENUE, LLC, 78 MALLORY STREET, LLC, 733-735 6TH STREET, LLC, NYBURG PROPERTIES, LLC and YORK FUNDING, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>QUEST IMPERIAL, LLC, MUNISH SAWHNEY, BENJAMIN VELEZ and MELISSA VELEZ,<br><br>    Defendants. | Removed from:<br><br>SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART MIDDLESEX COUNTY<br><br>Docket No. MID-L-146-15<br><br>Civil Action<br><br>**NOTICE OF REMOVAL** |

TO:   HONORABLE JAMES J. WALDRON, CLERK
       UNITED STATES BANKRUPTCY COURT

**PLEASE TAKE NOTICE** that Munish Sawhney, Chapter 11 debtor and debtor-in-possession ("Debtor") in a bankruptcy case pending before the United States Bankruptcy Court for the District of New Jersey, by and through his proposed counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., hereby respectfully removes the above-captioned civil action, Parker Street

Realty LLC, et al. v. Quest Imperial, LLC, et al., Docket No. MID-L-146-15 (the "Action"), and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Civil Part, to the United States Bankruptcy Court for the District of New Jersey, pursuant to Title 28 of the United States Code, Sections 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure 9027 and Local Rule of Bankruptcy Procedure 9027-1(a). The Debtor, appearing solely for the purpose of removal, and reserving all rights, respectfully states as follows:

## BACKGROUND

1.　On January 8, 2015, Plaintiffs Parker Street Realty, LLC, 137-139 Parker Street, LLC, 295 Fairmount Avenue, LLC, 78 Mallory Street, LLC, 733-735 6th Street, LLC, Nyburg Properties, LLC, and York Funding, LLC ("Plaintiffs") commenced the Action in the Superior Court of New Jersey.

2.　Plaintiff's Verified Complaint ("Complaint") asserted, among other things, that Debtor, along with Quest Imperial, LLC, Benjamin Velez and Melissa Velez (the "Defendants"), committed fraud, negligent misrepresentation, breach of contract, conversion, conspiracy, and violations of the Consumer Fraud Act.

3.　On March 16, 2015, the Court entered default against Debtor and Quest Imperial, Inc.

4.　On May 26, 2015, the Court entered default judgment in the total amount of $3,934,888.80 against Debtor and Quest Imperial, LLC (the "Default Judgment").

5.　On July 29, 2015, Debtor moved to vacate the Default Judgment (the "Vacate Motion").

6.　On September 18, 2015, the Vacate Motion was denied.

7. On October 13, 2015, Debtor filed a Notice of Appeal of the denial of the Vacate Motion.

8. On October 13, 2015, Debtor filed his petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

9. Debtor continues to manage his affairs as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee, examiner, or creditors' committee has been appointed in the Debtor's bankruptcy proceedings.

**BASIS FOR REMOVAL**

10. Removal of the Action is proper under Title 28 of the United States Code, Sections 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9027 and Local Rule of Bankruptcy Procedure 9027-1(a) because the Action directly relates to a significant debt owed by the Debtor. As such, the Action concerns the validity and extent of certain debts owed by Debtor, which is inherently critical to Debtor's chapter 11 reorganization.

11. Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

12. Pursuant to 11 U.S.C. § 1334(b), "[e]xcept as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

3

13. Further, Local Rule of Bankruptcy Procedural 9027-1(a) provides that "a party wishing to remove a claim or cause of action from a state or other federal court to the Bankruptcy Court shall file a "Notice of Removal" with the Clerk of the Bankruptcy Court.

14. In the present matter, the Action is "related to" Debtor's bankruptcy proceeding because, as noted, the Action directly relates to and concerns a significant debt owed by the Debtor, in the amount of $3,934,888.80. Debtor vehemently disputes the allegations of the Action in their entirety and the extent and validity of the Default Judgment. Debtor has appealed the denial of the Vacate Motion.

15. Therefore, given that all issues arising under the Action directly relate to the Debtor's bankruptcy proceeding, there is a jurisdictional basis for removal of the Action to this Court.

16. Furthermore, as is pertinent under Bankruptcy Rule 9027(a)(1), the Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) because it directly involves a significant debt owed by the Debtor to six (6) creditor and affects, among other things, the administration and assets of the Debtor's bankruptcy estate. Further, the Action is a core proceeding because it relates to the validity and extent of the Default Judgment.

**WHEREFORE,** the Debtor submits that the Action is properly removed from the Superior Court of New Jersey, Law Division, Civil Part, Middlesex Vicinage, and is now properly before the United States District Court for the District of New Jersey pursuant to Title 28 of the United States Code, Sections 1334(b) and 1452(a), Federal Rule of Bankruptcy Procedure 9027 and Local Rule of Bankruptcy Procedure 9027-1(a).

          **TRENK, DIPASQUALE,**
          **DELLA FERA & SODONO, P.C.**
          *Proposed Counsel to Munish Sawhney,*
          *Chapter 11 Debtor and Debtor-in-Possession*

          By: */s/ Richard D. Trenk*
              RICHARD D. TRENK

Dated: October 13, 2015

4828-9208-2985, v. 1